*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN REPUBLICAN PARTY,
REPUBLICAN NATIONAL COMMITTEE, and
CINDY BERRY,

UNPUBLISHED
August 06, 2025
12:22 PM

    Plaintiff-Appellants,

v

No. 372995
Court of Claims
LC No. 24-000165-MZ

SECRETARY OF STATE and DIRECTOR OF
ELECTIONS,

    Defendant-Appellees.

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

This case challenges the breadth of one of the rights foundational to our democracy—the right to vote. But it does so narrowly. First, this case concerns itself with only a select group of voters: individuals who vote in Michigan elections who do not presently live in Michigan. Second, this case is temporally limited, too, focusing exclusively on obtaining relief in advance of the 2024 election, which has since come and gone and been certified. As a result, we affirm the Court of Claims' dismissal of plaintiffs' claims under the doctrine of laches because, given how plaintiffs chose to plead and pursue this lawsuit, there were no claims outside of those related to the November 5, 2024 election. Anything beyond the laches holding by the Court of Claims was dicta and we decline to address it here.

## I. BACKGROUND

Before speaking to the procedural history of the present case, some general background on voting is relevant. As mentioned earlier, this case is about individuals who do not presently live in Michigan voting in Michigan elections. This phenomenon has long been contemplated by our state and federal laws. Specifically, the Michigan Constitution provides "[e]very citizen of the

United States who has attained the age of 21 years,[1] who has resided in this state six months, and who meets the requirements of local residence provided by law, shall be an elector and qualified to vote in any election except as otherwise provided in this constitution." Const 1963, art 2, § 1. Federal and state statutes have defined residency to include individuals who reside abroad due to active service, as well as their accompanying spouse and dependent(s). Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA), 52 USC 20301 *et seq*., MCL 168.759a. Also pursuant to statute, our Secretary of State issues an Elections Official Manual (the Manual) with instructions for local officials about how to perform election duties,[2] including the procedures regarding the registration of military and overseas voters and those who accompany them.

It is the Michigan statute defining "the requirements of local residence" to include "a spouse or dependent of an overseas voter who . . . is not a qualified and registered elector anywhere in the United States" but is "accompanying that overseas voter," MCL 168,759a(3), as well as Chapter 7 of the Manual, that plaintiffs argue are constitutionally unsound.

Plaintiffs filed their complaint making these constitutional challenges on October 8, 2024, at 4:09 p.m. It was titled "Verified Complaint for Expedited Declaratory and Injunctive Relief Under MCR 2.605." Broadly, plaintiffs' complaint asserted that MCL 168.759a(3) is invalid because it is contrary to the residency requirement in Const 1963, art 2, § 1. Plaintiffs also argued that the Manual's instructions were invalid because they were based on MCL 168.759a(3). The complaint requested "injunctive and declaratory relief under MCR 2.605" in paragraph 38 and in its request for relief requested a "speedy hearing" and advanced placement on the court's calendar, again citing to MCR 2.605.

Plaintiffs sought several forms of relief within that expedited timeframe. First, plaintiffs sought a declaration that the Manual's instructions unconstitutionally conflicted with Const 1963, art 2, § 1. Second, plaintiffs requested that the Secretary of State be ordered to rescind the improper instructions and issue a revised Manual that complied with Const 1963, art 2, § 1. Third, plaintiffs sought to enjoin the Secretary of State from accepting voter-registration forms from any person who could not confirm Michigan residency. Fourth, plaintiffs sought to require the Secretary of State to update elections guidance. Last, plaintiffs sought to require the Secretary of State to reject ballots cast by overseas voters who had not met Michigan's residency requirements, or alternatively, to segregate all ballots cast by overseas voters to determine whether those voters met Michigan's residency requirements.

The parties filed cross-motions for summary disposition. Defendants sought summary disposition on the basis that plaintiffs had unreasonably delayed their challenge to longstanding laws and instructions until the Secretary of State and voters would be unduly prejudiced by the delay. Defendants argued that, even though the rebuttable presumption of laches did not apply,

---

[1] US Const, Am XXVI, § 1, provides: "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age." No party disputes that citizens between 18 and 21 years of age are electors and qualified to vote in elections.

[2] MCL 168.765a(17).

the broader doctrine of laches did. According to the Director of Elections, more than two million absentee voter ballots (AVBs) had been issued as of September 30, 2024, and more than 611,000 had been returned. Defendants argued that it would be impossible to segregate the ballots that plaintiffs were challenging. In response, plaintiffs argued that laches did not apply because they had acted diligently and that the delay had not prejudiced defendants.

Later, in a footnote to a responsive pleading to defendants' motion for summary disposition, plaintiffs also argued that, regardless of any decision related to the November 5, 2024 election, they had requested relief that would be available after the election. Plaintiffs drew the court's attention to the general constitutionality of Michigan's residency requirements and the extent to which the Legislature was entitled to define residence. Plaintiffs further argued that, even if the residency requirements of MCL 168.759a were constitutional, the Manual's instructions failed to include key limitations related to the statute, including that the spouse or dependent be "accompanying" an overseas voter. And, as written, the instructions could allow nondependent adults who are overseas to vote in Michigan elections. Regarding these arguments, plaintiffs asserted that defendants were not prejudiced under the doctrine of laches because any prejudice was related to only the November 5, 2024 general election. Plaintiffs also orally requested to amend their complaint to include post-November 5, 2024 relief at the summary disposition hearing. The Court of Claims did not respond to or permit that amendment.

The Court of Claims opined that "it is hard to imagine a more prejudicial situation" than that arising out of plaintiffs' complaint, filed less than a month in advance of the 2024 election. The Court of Claims found that all "requested relief is barred by the doctrine of laches." Despite that, because the issue was likely to recur, the Court of Claims considered plaintiffs' challenge on the merits, and granted summary disposition to defendants. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's equitable decision regarding the doctrine of laches but reviews for clear error the trial court's findings of fact to support its decision. *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 444; 761 NW2d 846 (2008). "A decision is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made." *Id*. Under de novo review, this Court reviews legal issues without deference to the lower court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

## III. LACHES

The doctrine of laches is an equitable doctrine that applies when a party has failed to make a claim or enforce a right at the proper time. *Nykoriak v Napoleon*, 334 Mich App 370, 382; 964 NW2d 895 (2020). The doctrine estops a party "from asserting a right it could have and should have asserted earlier." *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 589; 939 NW2d 705 (2019). The doctrine "is an equitable tool used to provide a remedy for the inconvenience resulting from the plaintiff's delay in asserting a legal right that was practicable to assert." *Id*. (quotation marks and citation omitted). A rebuttable presumption of laches applies to an election-related civil action filed less than 28 days before the affected election:

In all civil actions brought in any circuit court of this state affecting elections, dates of elections, candidates, qualifications of candidates, ballots or questions on ballots, there shall be a rebuttable presumption of laches if the action is commenced less than 28 days prior to the date of the election affected. This section shall not apply to actions brought after the date of the affected election. [MCL 691.1031.]

By filing their complaint on October 8, 2024, at 4:09 p.m., plaintiffs narrowly avoided this presumption. However, the doctrine of laches may still apply to an election-related claim even when this rebuttable presumption does not apply. *Nykoriak*, 334 Mich App at 383. "To successfully assert laches as an affirmative defense, a defendant must demonstrate prejudice occasioned by the delay." *Home-Owners Ins Co*, 328 Mich App at 589 (quotation marks and citation omitted).

As the Court of Claims observed:

Plaintiffs filed their action at the end of the day on October 8, 2024. While this was 28 days before the November 5, 2024 general election, the late-in-the-day filing ensured that this Court had only 27 days to consider the issue. Plaintiffs did not serve defendants until October 10, leaving only 25 days until the general election. Notably, plaintiffs filed their complaint 17 days *after* the final day to send AVBs to absent uniformed services and overseas voters, as well as the subject group members.

And on appeal, plaintiffs do not contest the prejudice analysis as to the November 2024 election. The question before us is whether the complaint adequately requested any relief beyond the November 2024 election. We find that it did not and the Court of Claims' ruling on laches was correct as a matter of law.

Simply stated, plaintiffs are the masters of their complaint, and they did not expressly allege a claim or expressly request relief outside of the November 2024 election. Instead, they specifically tailored their lawsuit to that election. As mentioned above and detailed in defendants' appellate brief, plaintiffs made clear the bed they made—plaintiffs filed a "Verified Complaint for Expedited Declaratory and Injunctive Relief under MCR 2.605." In their "Parties, Jurisdiction, Venue" section, plaintiffs stressed their efforts in connection with the November 2024 election and the effect their requested relief would have on that election. They also alleged "because no absent voter ballots have been tabulated, there is still time to address [the alleged unconstitutionality of the Manual]. Therefore, a decision from this Court will redress the violation of Plaintiffs' rights under the Michigan Constitution and will also guide Plaintiffs' future conduct in this regard for the November 2024 general election and beyond." And in their request for relief, plaintiffs requested that the Court of Clams "order 'a speedy hearing' of this action and 'advance it on the calendar' as provided under MCR 2.605(D), and that it issue the following relief," which included:

D. Order the Secretary to take all steps necessary to remedy the harm caused by her unconstitutional actions, including:

Issuing all necessary directives and guidance to local election officials, including county, city, and township clerks;

Updating all public facing websites and voter registration portals within her custody or control to reflect the constitutional prohibition on non-residents voting in Michigan elections; and

Updating all necessary voter registration forms;

E.  Reject the ballots cast by overseas voters who never resided in Michigan, including ballots of overseas voters who submitted a Federal Post Card Application or Federal Write-In Absentee Ballot and checked the box affirming: "I have never lived in the United States."

F.  In the alternative, direct the Secretary to segregate ballots cast by overseas voters who have never resided in Michigan including ballots of overseas voters who submitted a Federal Post Card Application or Federal Write-In Absentee Ballot and checked the box affirming, "I have never lived in the United States," so that Plaintiffs and this Court may ascertain the scope of the constitutional violation and whether it effects the election's outcome[.]

Based on the language in their own pleading, plaintiffs sought a complete and final resolution of their complaint on an expedited basis, with relief directed at the November 5, 2024 general election.  As was established through questioning at oral argument in this Court, plaintiffs' desire for relief applicable to the November 2024 election did not require such a highly targeted and fully expedited approach; plaintiffs could have filed a complaint on a regular track and separately requested preliminary injunctive relief as to the November 2024 election.  They did not.  By the time plaintiffs attempted to tack on additional requests for relief, they had already received what they asked for—an expedited hearing on their bid for final judgment and relief in advance of the November 2024 election.  The Court of Claims correctly applied laches to bar this expedited lawsuit.  We affirm.

As for the Court of Claims' analysis of the merits of plaintiffs' remaining constitutional and statutory claims, we agree with the sentiments provided by both parties at oral argument before this Court: any such discussion on the merits was dicta.  We also agree with defendants, as they stated in their brief and again at oral argument, that "to the extent Plaintiffs argue the Court of Claims somehow barred them from raising their constitutional claim in the future, they misapprehend the court's ruling."  The instant lawsuit was properly dismissed on the basis of laches; any further discussion of plaintiffs' claims was unnecessary to that disposition below and is unnecessary to our affirmance of it here.  The adjudication of the merits of any such claims can await another day and another lawsuit.

Affirmed.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young